# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>DILLON JAMES WIPPERT,<br><br>Defendant. | Case No. CR-21-74-GF-BMM<br><br>**AMENDED ORDER** |

  Defendant Dillon Wippert's (Wippert) Motion to Continue (Doc. 20) is now before the Court. Plaintiff has no objection.

  Wippert requests the current trial setting of March 8, 2022 be continued for 60 days. Wippert's trial is scheduled for April 5, 2022. (Doc 17.) Wippert's brief in support of his motion (Doc. 21) states that additional investigation of both resolution and pretrial motions needs to be conducted to fully prepare this matter. The Government has produced significant discovery, much of which is material marked "Sensitive," as well as audio and video files, necessitating Wippert's review of these items with counsel. This situation has been exacerbated by the fact that Wippert has been moved to the Roosevelt County

Detention Facility in Wolf Point, Montana. The work that needs to be undertaken to properly investigate, research pretrial motions, gather materials relevant to possible resolution, and trial preparation cannot be accomplished within the current schedule. Because of these factors a continuance is warranted. A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial date when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, <u>inter alia</u>, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective reparation. *Id*. §3161(h)(7)(B). An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§

3161(h)(7)]." *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Wippert is charged with Second Degree Murder, in violation of Title 18 U.S.C. §§ 1153(a) and 1111; and Use of a Firearm During and in Relation to a Crime of Violence in violation of Title 18 U.S.C. § 924(c)(1)(A). The crime allegedly occurred on or about May 17, 2020, at or near Bear Paw, also known as Blevins Trial, within Glacier County, in the State and District of Montana, and within the exterior boundaries of the Blackfeet Indian Reservation. If convicted, Wippert faces a maximum sentence of life in prison.

A continuance of the trial is appropriate under 18 U.S.C. §§3161(h)(7)(A), (B)(I) and (B)(ii). The ends of justice served by a continuance outweighs the interests of the Defendant and the public in a speedy trial. The failure to grant a continuance would deny Wippert and his counsel the reasonable time necessary for effective trial preparation, resulting in a potential miscarriage of justice. Accordingly,

**IT IS HEREBY ORDERED** that Wippert's Unopposed Motion to Continue Trial (Doc. 20) is **GRANTED. IT IS ALSO ORDERED** that the final pretrial conference and jury trial set for April 5, 2022, are **VACATED**.

The following schedule shall apply. The final pretrial conference is rescheduled for **Tuesday, June 7, 2022 at 8:30 a.m.** The parties are to report to the chambers of the undersigned. The jury trial is rescheduled for **Tuesday, June 7, 2022 at 9:00 a.m.** in the Charles N. Pray Courtroom at the Missouri River Federal Courthouse, Great Falls, Montana. The motions deadline is **May 6, 2022.** The plea agreement/notice of intent to proceed to trial deadline is **May 24, 2022.** Expert reports are due on or before **May 26, 2022.** The Jury Instructions and Trial Briefs are due by **May 31, 2022.**

**All time between the date of this order and June 7, 2022, shall be excluded for purposes of speedy trial**.

DATED this 15th day of February, 2022.

_____
Brian Morris, Chief District Judge
United States District Court